Howell,J.
The plaintiff setting out a partnership between himself and defendant, and a disagreement between them and a submission of their differences to amicable compounders, brought this suit to homologate and enforce the award which was made by said amicable compounders under the stipulation, in reference thereto, in the act of co-partnership, or in the alternative, for judgment on two notes given to him by defendant for one-half the value of the property put into the partnership by plaintiff. The defendant excepted that the demands of the plaintiff were inconsistent and prayed that he be ordered to elect on which he would proceed. The judge sustained the exception and oidered the plaintiff to elect accordingly. The plaintiff in obedience to this order, but reserving all his rights, elected to proceed on the notes and prayed judgment thereon. The defendant then filed what he called a peiemptory exception, alleging that plaintiff’s petition set out no cause of action, because the said notes are alleged to be a part of the assets of the late firm and said partnership has not been settled and liquidated. He also filed an answer setting up the defenses which it appears were made before the amicable compounders. This exception was maintained and plaintiff’s suit dismissed, reserving his right to sue for any amount that may be due on liquidation of the partnership, from which plaintiff has appealed.
*99 We think the judge a quo erred in each of his rulings. The demands were in the alternative, and there was therefore no ground for the order to elect. Having forced the plaintiff to elect between a demand for a judgment homologating the award of amicable compounders, which was alleged to be a final liquidation of the partnership, and a demand for a judgment on the notes given to plaintiff for half the alleged value of the property put in the partnership, the defendant could not consistently except to the latter demand on the ground that the notes were a part of the partnership assets or alleged to be a part thereof. The truth is they were not so alleged to be.
But we are unable to dispose of the case and render a judgment in favor of plaintiff as he asks us to do, because no issue was joined on the demand for the homologation of the award of the amicable compounders and because the case was not tried and no evidence offered on the merits on the demand for judgment on the notes. We have no original jurisdiction of these demands.
It is therefore ordered that the judgment appealed from and the order of fifteenth May, 1873, maintaining the exception and directing the plaintiff to elect, be reversed and set aside and said exceptions be overruled, and that this cause be remanded to the lower court to be proceeded with according to law. Defendant to pay costs of appeal.